UNITED STATES DISTRICT COURT    JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 20-8197-JFW(AFMx)**                              Date: September 15, 2020

Title:   Kenneth President -v- Walgreen Co., et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                  None Present
   Courtroom Deputy                             Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                              None

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

   On August 3, 2020, Plaintiff Kenneth President ("Plaintiff") filed a Complaint against Defendants Walgreen Co. ("Walgreen") and Angelica Niento ("Niento") (collectively, "Defendants") in Los Angeles Superior Court, alleging the following causes of action against all the Defendants: (1) retaliation in violation of California Government Code § 12940(h); (2) failure to prevent retaliation in violation of California Government Code § 12940(k); (3) intentional infliction of emotional distress; (4) wrongful termination in violation of public policy; and (5) unfair business practices in violation of California Business & Professions Code § 17200. On September 8, 2020, Walgreen filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Walgreen bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because Walgreen has not met its burden of demonstrating that the parties are

completely diverse, this action must be remanded.

To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Id.*  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Id.*  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  *Id.*  In his Complaint, Plaintiff alleges that he is a resident of California.  Complaint, ¶ 1.  Based on that allegation and the fact that Plaintiff maintained a residential address in Long Beach, California while employed by Walgreen from June 9, 2014 to July 31, 2019, Walgreen concludes that "Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of California."  Notice of Removal, ¶ 12.  However, Walgreen has simply concluded without alleging any facts to support its conclusion that because Plaintiff is a resident of California, he is also domiciled there and, as a result, a citizen of California.

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning Plaintiff's citizenship, Defendant has failed to meet its burden to establish this Court's jurisdiction.  *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

In addition, even assuming *arguendo* that Plaintiff is a citizen of California, Walgreen has failed to demonstrate that Niento has been fraudulently joined.  Walgreen contends that even though Plaintiff and Niento are both citizens of California, Niento has been fraudulently joined, and, thus, her presence in this action should be ignored.  "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). "Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent."  *Health Pro Dental Corp. v. Travelers Prop. Cas. Co. of Am.*, 2017 WL 1033970, at *3 (C.D. Cal. Mar. 17, 2017).  If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence."  *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the non-diverse defendant. *See Plute*, 141 F. Supp. 2d at 1008.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)).  Moreover, any doubts concerning the sufficiency of a cause of action due to inartful,

ambiguous, or technically defective pleading must be resolved in favor of remand.  *See id.*  "[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies."  *Martinez v. Michaels*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (quotations and citations omitted).

　　　The Court concludes that Walgreen has failed to meet its heavy burden of demonstrating fraudulent joinder.  In his Complaint, Plaintiff alleges several claims against Niento, including a claim for intentional infliction of emotional distress.  Although Walgreen argues that Plaintiff cannot possibly prevail on his intentional infliction of emotional distress claim against Niento, the Court cannot conclude that Plaintiff has no possibility of prevailing on his claim against Niento, and Walgreen's argument is better raised in a demurrer or motion to dismiss rather than in a notice of removal.[1]  *See Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *4 (N.D. Cal. May 17, 2010) ("While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend."); *see also Barsell v. Urban Outfitters, Inc.*, 2009 WL 1916495, at *5 (C.D. Cal. Jul. 1, 2009) (quotations and citations omitted) ("There is no authority for the proposition that [a manager] may not be liable in tort for the intentional infliction of emotional distress providing all of the elements of that tort are satisfied.  Indeed, California case law is replete with cases where conduct of the employer or one of its agents or employees is so outside the bounds of conduct tolerated by a decent society that it may give rise to a claim for intentional infliction of emotional distress."); *Rocha v. Capstone Logistics, LLC*, 2018 WL 839906 (C.D. Cal. Feb. 13, 2018) ("Although Plaintiff's IIED claim is weak as currently pleaded, it might be improved through amendment . . . Accordingly, the are *not* sham defendants, and because they and Plaintiff share California citizenship, complete diversity does not exist") (emphasis in original).

　　　For all the foregoing reasons, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

　　　IT IS SO ORDERED.

---

[1] Because the Court has concluded that Plaintiff has the possibility of prevailing on his intentional infliction of emotional distress claim against Niento, the Court does not need to determine if Plaintiff has the possibility of prevailing on the other claims he has alleged against NIento.